E-FILED
Thursday, 21 December, 2017  05:39:30 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

LARRY SARTORIUS,       )
                            )
Plaintiff,             )
                            )
   v.                 )     17-cv-1448
                            )
ALTON ANGUS and      )
WARDEN KIMBERLY SMITH,   )
                            )
Defendants.          )

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S MAGISTRATE JUDGE:

This matter comes before the Court on a letter received from Plaintiff alleging that he had been threatened by Kimberly Smith, the Warden at Taylorville Correctional Center, and asking the Court to order his transfer to a different prison.  The undersigned held an evidentiary hearing on December 21, 2017.  For the reasons set forth below, the undersigned recommends that Plaintiff's request be denied.

## BACKGROUND

On October 3, 2017, Larry Sartorius filed a pro se letter from Taylorville Correctional Center (where he remains incarcerated)

asking the Court to order his transfer to federal custody.  Mr. Sartorius alleged that a mental health professional at the prison, Alton Angus, was harassing him and that officials at the prison refused to allow Mr. Sartorius to seek an order of protection against Mr. Angus.

A case was opened to make a record, but the Court explained that the Court does not have the authority to order Plaintiff's transfer to federal custody.  The Court directed Plaintiff to file a complaint and pay the filing fee or file a petition to proceed in forma pauperis.  Instead, Mr. Sartorius asked again for a transfer to federal custody, a request again denied.  On November 3, 2017, the case was dismissed, without prejudice, and closed, for failure to file a complaint.

About one week after the case was closed, Plaintiff filed a proposed complaint (docketed as a motion for leave to file an amended complaint), a petition to proceed in forma pauperis, a motion for counsel, a motion for transfer to federal custody or East Moline so he can be close to his ailing mother, and a letter about commissary extortion (filed as a motion).  All these motions will be

ruled on by Judge Myerscough when she decides whether to reopen the case.

At issue for this hearing is a letter filed by Plaintiff on December 18, 2017, in which Plaintiff alleges that Warden Kimberly Smith had threatened Plaintiff's life: "My life has been threatened by Warden Kimberly Smith. She has threatened me with great bodily harm, maybe even death for me taking legal action against her and other staff. Please transfer me to other custody until my release. I fear for my life." (letter docketed at d/e 10.)

The Court construed Plaintiff's letter as a motion for a temporary restraining order directing Plaintiff's transfer to a different prison. The Court notified the Office of Illinois Attorney General of the hearing on the motion for a temporary restraining order. Hence, pursuant to Federal Rule of Civil Procedure 65, the hearing was on a motion for a preliminary injunction, not a motion for a temporary restraining order, as notice was given to the opposing party.

On December 21, 2017, the Court held an evidentiary hearing by video. Illinois Assistant Attorney General Kyle Rockershousen was present in open Court to represent Defendants.

Appearing by video was Plaintiff Larry Sartorius. Also appearing by video was Warden Kimberly Smith and Correctional Officer Brian Moore.

## FINDINGS OF FACT

The Court heard testimony from Plaintiff Sartorius and Warden Smith.

Based on the testimony of Plaintiff Sartorius, the Court finds that Mr. Sartorius had a conversation with Warden Smith outside the health care unit in Taylorville Correctional Center. Plaintiff testified that Warden Smith said, in a sarcastic tone, "I'll take care of you." Mr. Sartorius testified that he interpreted this as a threat to him. Mr. Sartorius testified that, in the context of prison life, such words imply a threat of bodily harm. Mr. Sartorius recalled nothing further of the conversation and gave no date for the conversation.

Illinois Assistant Attorney General Rockershousen cross-examined Plaintiff. Mr. Rockershousen tendered Defendant's Exhibit A, an investigative interview form detailing an interview with Plaintiff on Dec 19, 2017. (The "interview.") Defendant's Ex A was admitted in evidence without objection from Plaintiff.

Included in the interview were details regarding communications sent by Plaintiff to the Office of the Illinois Governor. Those communications were similar to the letter sent to the Court and maintained that Warden Smith had threatened Plaintiff's life. The interview also included Plaintiff's admission that Warden Smith did not threaten his life at any time. The interview indicated that Mr. Sartorius had written the letters "out of frustration." The interview further explained that Plaintiff was seeking a transfer due to disagreements with a mental health worker at the correctional facility.

On cross-examination, Plaintiff testified that, upon further consideration of his interaction with the Warden, he now believes that the Warden's statement was not meant to be made as a threat on his life. Plaintiff is scheduled for release from custody on Feb 9, 2018.

Warden Smith testified that she did not recall making the statement attributed to her by Plaintiff. However, Warden Smith testified that she did not threaten Plaintiff.

RECOMMENDATION

Injunctive relief is appropriate only when there is evidence indicating immediate irreparable harm, lack of an adequate remedy at law, and a reasonable likelihood of success on the merits on which the injunctive relief is sought.  *See Generally:*  13 <u>Moore's Federal Practice</u> § 65.221(1)(b) through 65.22(2)(Matthew Bender, 3rd Ed.); *see also* <u>Girl Scouts of Manitou Council, Inc. v.  Girl Scouts of U.S. of America</u>, 549 F.3d 1079, 1085 (7th Cir. 2008)("'[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'")(quoted cites omitted).  The evidence presented does not warrant the injunctive relief sought.  On the contrary, the evidence indicates that even though Plaintiff testified that he felt that his life was threatened, there was no viable threat which would reasonably imply those consequences. Consequently, it is the recommendation of the undersigned that Plaintiff's request for a preliminary injunction mandating Plaintiff's transfer from the Taylorville Correctional Center be denied.

The undersigned further recommends that no sanctions be imposed on Plaintiff at this time, as Plaintiff appeared to have

sincerely believed that he had been threatened at the time. However, Plaintiff is warned that he may be subject to sanctions in the future if he makes false statements in his pleadings or to the Court.

THEREFORE, THIS COURT RECOMMENDS THAT PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (D/E 10) BE DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. *See* Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). *See* Local Rule 72.2.

ENTER:  December 21, 2017

__**s/Tom Schanzle-Haskins**__
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE